IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF


     v.              Criminal No. 4:07CR279


JOSHUA LEE HOWE                                       DEFENDANT

## O R D E R

     Currently before the Court are Defendant's Motion and
Amended Motion to Dismiss (Docs. 14-15); the Government's
Response (Doc. 19); the Government's Motion to Dismiss and Amend
Indictment (Doc. 23); and Defendant's Response (Doc. 28).

### Government's Motion to Dismiss Count One and Amend Indictment

     In its Motion, the Government moves to dismiss Count One
charging Defendant with Conspiracy to Commit Felony Murder in
violation of Title 18 U.S.C. § 1111(a).  The Government further
moves to amend Count Two of the Indictment charging Defendant
with Conspiracy to Commit Kidnapping in violation of 18 U.S.C.
§ 1201(c) by setting forth the Overt Acts from Count One word
for word in Count Two rather than by reference as they are in
the original Indictment.  Defendant advises he has no objection.
Accordingly, the Government's Motion to Dismiss is GRANTED.

### Defendant's Motion and Amended Motion to Dismiss

     Defendant contends Counts One (Conspiracy to Commit Felony
Murder), Two (Conspiracy to Commit Kidnapping) and Three
(Kidnapping) of the Indictment should be dismissed as they are

barred by double jeopardy issue preclusion under *Ashe v. Swenson*, 397 U.S. 436 (1970); that Counts One and Two are multiplicitous and that the established facts do not support the charged crimes in Counts One and Two. Defendant also contends the Indictment should be dismissed on the grounds of vindictive prosecution or, alternatively that the *Petite* policy precludes the prosecution as it is based upon the same act, acts or transactions of the previous indictment. *Petite v. United States*, 361 U.S. 529 (1960). Defendant further contends that Count Three should be dismissed on Double Jeopardy grounds as it is "the same" as Count Two (Felony Murder) and "the same or an included charge" of Count Six (Commission of a Crime of Violence with a Firearm) in Defendant's previous trial of which he was acquitted. Finally, Defendant contends Count Four (Witness Tampering) should be dismissed as it is based upon perjured testimony.

In his Amended Motion, Defendant adds an additional argument contending Counts One and Two should be dismissed as he was already punished for the conspiracy to kidnap and murder in the sentence he received in after his previous trial and that there is only one alleged conspiracy, but yet Defendant is charged with two different conspiracies under two different statutes.

The Court granted the Government's Motion to Dismiss Count

2

One of the Indictment; and Defendant's Motion is DENIED AS MOOT
as it pertains to Count One; to include, Defendant's contention
that Counts One and Two are multiplicitous and that he is
charged with the same conspiracy under two different statutes.

### A.   Double Jeopardy - Issue Preclusion - Counts II and III

In Defendant's previous trial, he was acquitted of the
crimes of felony murder and commission of a crime of violence
with a firearm.  Defendant contends that these acquittals, along
with the acquittal of Robert Phillips and testimony from the
previous trial that Defendant was not present during the alleged
kidnapping establishes facts of the substantive crime of
kidnapping that were determined against the Government.
Defendant further contends that these facts are necessary to a
finding in this case that Defendant entered into an agreement to
kidnap Jeremy Gaither for purposes of Count Two (conspiracy to
commit kidnapping) or that he committed the crime of kidnapping
as charged in Count Three.  The Government contends that
Defendant has not met his burden of proving he is entitled to
the relief of issue preclusion and, alternatively, the issues
Defendant seeks to preclude are not the only bases for the
acquittals in the previous trial.

The protections afforded an accused by the Double Jeopardy
Clause include the basic principle of collateral estoppel: "when
an issue of ultimate fact has once been determined by a valid

3

and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe, supra*.  In a criminal case, a fact previously determined " is not an 'ultimate fact' unless it was necessarily determined by the [factfinder] against the government and, in the second prosecution, that same fact is required to be proved beyond a reasonable doubt in order to convict." *Prince v. Lockhart*, 971 F.2d 118 (8th Cir. 1992), cert. denied, 507 U.S. 964 (1993).

In *Ashe*, the Supreme Court stated that where a previous judgment of acquittal was based on a general verdict, courts must "'examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict on an issue other than that which the defendant seeks to foreclose from consideration.'" *Ashe*, 397 U.S. at 444. The burden is on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding. *See U.S. v. Baugus*, 761 F.2d 506 (8th Cir. 1985).

In his motion, Defendant makes conclusory allegations that the previous acquittals established facts against the government which are fatal to Counts Two and Three in the current indictment.  The Court finds this insufficient to meet the burden upon Defendant to show that the jury in the previous

4

trial decided issues that would be fatal to the Government's case on Counts Two and Three. Additionally, the jury was unable to reach a verdict on the conspiracy and kidnapping charges against Defendant in the previous trial resulting in a mistrial on those charges. Finally, the Court agrees with the Government that there are a number of possible reasons for the jury's acquittals in the previous trial. Accordingly, Defendant's Motion is DENIED as to issue preclusion.

**B.   Double Jeopardy – Count 3 – Same or Lesser Included of Previously Acquitted Counts**

Defendant contends that the kidnapping charge in Count Three should be dismissed as it is "the same" as Count Two (felony murder) and "the same or an included charge" of Count Six (possession of a firearm in furtherance of a crime of violence) in Defendant's previous trial of which he was acquitted. Defendant contends that as Counts Two and Six were submitted to the jury with kidnapping as a predicate offense, a retrial would violate the Double Jeopardy clause.

In *Harris v. Oklahoma*, 433 U.S. 682 (1977), the Supreme Court held that when conviction of a greater crime cannot be had without conviction of the lesser crime, the Double Jeopardy Clause bars prosecution for the lesser crime, after conviction of the greater one. However, in *Harris*, the Government conceded that the robbery for which petitioner had been indicted was, in fact, the underlying felony for his prior felony murder

5

conviction.  *Id*. at 683.   In the previous trial, the jury was entitled to consider kidnapping and/or robbery as the predicate offense.   Therefore, the Government did not have to prove all of the elements of kidnapping as it could have relied on robbery as the predicate offense for Count 2 and the crime of violence for Count 6.   *See Sekou v. Blackburn*, 796 F.2d 108 (5th Cir. 1986). Accordingly, the Court finds no Double Jeopardy violation, and Defendant's Motion is DENIED.

### C.   Double Jeopardy - Count Two - Used as Relevant Conduct in Prior Sentence

Defendant contends Count Two should be dismissed as the underlying conduct for that offense, a conspiracy to kidnap, has already been used to punish him in the previous case for which Defendant was recently sentenced.   The Government states that such conduct was appropriately considered as relevant conduct for sentencing purposes and provides no basis for dismissal of Count Two.

The underlying conduct for Count Two, a conspiracy to kidnap, was considered as relevant conduct for sentencing purposes after Defendant's previous trial.   However, relevant conduct that is considered in a prior sentencing may be a basis for subsequent prosecution as long as the prior sentence was within the statutory range of punishment.   *U.S. v. Abboud*, 273 F.3d 763 (8th Cir. 2001).   Defendant contends he received a sentence above the statutory maximum of ten years.   This

6

argument is without merit as the statutory maximum on the Escape was five years and ten years on the Felon in Possession for a total of 15 years, the sentence the Defendant received. Defendant's contention that the Escape charge somehow merged into the Felon in Possession charge is without merit as the two counts were properly "grouped" for guideline purposes, and Defendant was sentencing on each count to run concurrently. Accordingly, Defendant's Motion is DENIED.

### D.   Vindictive Prosecution and *Petite* Violation

Defendant contends the Indictment should be dismissed on the grounds of vindictive prosecution or, alternatively that the *Petite* policy precludes the prosecution as it is based upon the same act, acts or transactions of the previous indictment. *Petite v. United States*, 361 U.S. 529 (1960).

While the government may take action to punish an individual for violating the law, punishing an individual for exercising a constitutional right, such as the right to trial, amounts to prosecutorial vindictiveness. *U.S. v. Goodwin*, 457 U.S. 368 (1982).  The burden is on the defendant to prove prosecutorial vindictiveness. *See U.S. v. Campbell*, 410 F.3d 456 (8th Cir.), cert. denied, 546 U.S. 966 & 1047 (2005).  This burden is a heavy one because we recognize the broad discretion that prosecutors have in enforcing criminal statutes. *Id*.

Defendant has presented no evidence that the Government

7

intended to punish him for exercising his right to a jury trial. In the previous trial, the Court declared a mistrial on the conspiracy count and the kidnapping count. Counts Two and Three in this case are basically a retrial of those counts upon which the jury could not reach a verdict in the first trial. Count Four is an additional count based upon alleged criminal conduct that occurred during the first trial. Therefore, there is no presumption of vindictiveness, and Defendant's Motion is DENIED.

### E.   Count Four - Witness Tampering

Defendant contends Count Four (Witness Tampering) should be dismissed as it is based upon the perjured testimony of Charles Moore during Defendant's previous trial. A grand jury found it appropriate to indict Defendant for witness tampering in connection with an alleged threat to a government witness' family member, and the Court finds no basis for dismissal of this Count prior to trial. Defendant's Motion is DENIED.

### F.   Reference to 18 U.S.C. §§ 3591-92

The parties agree that the reference in the Indictment to 18 U.S.C. §§ 3591-92 should be stricken. Accordingly, the Court directs the Government to file an Amended Indictment striking this reference, deleting Count One and incorporating the Overt Acts into Count Two as set forth in this Order. This case remains set for jury trial on February 4, 2008 at 9:00 a.m.

8

IT IS SO ORDERED this 21st day of December, 2007.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

9