IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.           Criminal No. 4:07CR279

JOSHUA LEE HOWE                                                 DEFENDANT

**O R D E R**

Currently before the Court are Defendant's Motion for Reconsideration and for Certification of a Colorable Claim of Double Jeopardy and for a Stay of Proceedings (Doc. 30) and the Government's Response (Doc. 33). As set forth herein, Defendant's Motion is DENIED in its entirety.

Defendant asks the Court to reconsider its Order denying Defendant's Motion to Dismiss pursuant to the Double Jeopardy Clause (Doc. 29). Alternatively, Defendant requests the Court to make a determination that his motion is not frivolous and to stay the proceedings pending the outcome of an appeal of the Court's Order. The Government objects to Defendant's Motion in its entirety based upon its previous arguments and contends that the Motion is frivolous and a stay is not appropriate.

In its Motion, Defendant cites no new legal or factual arguments that the Court has not already addressed. Defendant contends that because Defendant was acquitted in his previous trial of felony murder which was submitted with kidnapping

and/or robbery as the underlying felonies, that the jury necessarily considered all of the elements of kidnapping and found that the Government did not meet its burden of proof as to these elements. Therefore, Defendant argues that the charge of kidnapping in this case violates Double Jeopardy. The Court has twice considered Defendant's argument and rejected it.[1]

In Defendant's previous trial, it cannot be said that the Government was required to prove kidnapping as the basis for the felony murder charge. The jury was entitled to consider that Defendant allegedly committed felony murder during both a kidnapping and a robbery or one and not the other. While the jury acquitted Defendant of felony murder, it was unable to reach a verdict on the kidnapping charge resulting in a mistrial. The Government was not bound to proving kidnapping to support a felony murder conviction in that instance, and the Court again holds there is no Double Jeopardy violation.

Based upon the foregoing, the Court finds that Defendant's Motion to Dismiss is frivolous, therefore, Defendant's Notice of Appeal does not divest this Court of jurisdiction. *See United States v. Grabinski*, 674 F.2d 677 (8th Cir. 1982). Accordingly, Defendant's Motion to Reconsider and for a Stay of Proceedings is DENIED. This case remains set for jury trial on **February 4**,

---

[1] The Court hereby adopts its reasoning set forth in its orders denying Defendant's motions to dismiss on Double Jeopardy grounds in this case (Doc. 29) and in *United States v. Howe*, Eastern District of Arkansas, Criminal No. 05-139 (Doc. 226).

AO72A (Rev. 8/82)

**2008 at 9:00 a.m.**

    IT IS SO ORDERED this 3rd day of January, 2008.


                                        /s/ Robert T. Dawson  
                                        Honorable Robert T. Dawson  
                                        United States District Judge