**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                          NO. 4:07CR00279 JLH

JOSHUA LEE HOWE                                                                                                   DEFENDANT

**ORDER**

Pending before the Court are two motions *in limine* filed by the United States seeking to exclude evidence, one motion to admit testimony before the grand jury, a motion for notice and compliance with the Court's pretrial order, and a motion *in limine* for admission of Rule 404(b) evidence.

The first motion is the motion of the United States to preclude any reference to the acquittals of Robert Phillips or Joshua Howe or both. That motion is GRANTED. Document #37. Judgments of acquittal are hearsay and are not generally relevant because they do not prove innocence but merely that the government did not meet its burden of proving guilt beyond a reasonable doubt. *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003) (quoting *Prince v. Lockhart*, 971 F.2d 118, 122 (8th Cir. 1992)).

The government's next motion *in limine* is to exclude evidence pertaining to plea negotiations. Howe has responded and stated that evidence of pleas and plea discussions with persons other than the defendant may be admissible as impeachment evidence and can be admitted as evidence of bias of other witnesses. The government agrees that Howe can impeach witnesses with plea negotiations and plea agreements. Any evidence of plea negotiations between the government and Joshua Lee Howe is excluded, but evidence of plea negotiations on behalf of

witnesses other than Joshua Lee Howe is admissible to show bias. Therefore, the motion *in limine* is GRANTED IN PART and DENIED IN PART. Document #38.

The government has also filed a motion to admit the grand jury testimony of Charles Moore. That motion is DENIED at this time. Document #39. The Court will schedule an omnibus hearing ***to begin at 1:30 p.m. on March 22, 2010***, to hear any evidence the parties wish to present and any arguments they wish to present on the issue of whether to admit the grand jury testimony of Charles Moore, as well as any other issues that may need to be decided before the trial begins on March 23, 2010.

The government has filed a motion for notice and compliance with the Court's pretrial order. The Court's pretrial order stated that counsel must comply with Local Rule 7.2(g) in connection with any motions to compel discovery. Local Rule 7.2(g) states:

> All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

Here, the government has not included in its motion a statement that the parties have conferred in good faith on the issue or issues in dispute and are unable to resolve their disagreements without the intervention of the Court. Therefore, the motion is DENIED summarily pursuant to Local Rule 7.2(g). Document #40.

Finally, the government has filed a motion for admission of Rule 404(b) evidence. Document #41. The Court cannot find a response from Howe in the record. If Howe objects to the motion, he

must file his response on or before March 5, 2010.  If a hearing is needed on the motion, it will be conducted at the omnibus hearing scheduled to begin at 1:30 p.m. on March 22, 2010.

    IT IS SO ORDERED this 23rd day of February, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE